Caroline E. Gegg, SBN 179061
Attorney at Law
P.O. Box 4413
Walnut Creek, California 94596
Telephone: (925) 686-0232
Facsimile:  (925) 686-0233

Attorney for Plaintiff TANEYA COOK

## THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANEYA COOK, an individual,<br><br>         Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 30, inclusive,<br><br>         Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br>**1.  Personal Injury - Medical Malpractice**<br>**2.  Negligent Hiring and Supervision**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TANEYA COOK, an individual, hereby complains of Defendants and alleges the following as set forth below.

### I.        JURISDICTION  AND VENUE

1.        This is an action brought to recover for injuries sustained by Plaintiff TANEYA COOK ("Plaintiff") as a result of the Defendants' medical malpractice under the Federal Tort Claims Act, Title 28 U.S.C. § 1346(b), §1402(b), § 2401, and § 2671-2680.

2.        This case arises out of the conduct of Defendant UNITED STATES OF AMERICA, and its agents and employees, including OLE Health, Inc. which receives federal funding from the Department of Health and Human Services ("DHHS") and is a Federally Qualified Health Center ("FQHC"), including federal employees Karen Kin Yan Chung,

M.D., and Mara Adelman, P.A. who are employees of OLE Health, Inc. regarding Defendants' negligent medical care administered to Plaintiff Taneya Cook.

3.      Jurisdiction exists as to the causes of action arising under the Federal Tort Claims Act 28 U.S.C. § 1346(b) conferred upon this Court, and by Plaintiff's exhaustion of administrative remedies pursuant to the Department of the Health and Human Resources' denial of Plaintiff's tort claim, dated May 19, 2020. (Exhibit A)

4.      Plaintiff is and was at all times referenced herein a resident of the County of Solano, State of California, where she suffered injuries that are the subject of this action.

5.      The Parties to this action reside in and/or regularly do business within the jurisdiction of this Court.

6.      The amount in controversy exceeds the minimum jurisdictional limits of this Court.

7.      Venue is proper in this District pursuant to 28 U.S.C § 1402(b).

## II.      THE PARTIES

8.      Plaintiff TANEYA COOK is and was at all relevant times herein a competent adult and a resident of the State of California where she suffered injuries that are the subject of this action.

9.      Defendants UNITED STATES OF AMERICA  and DOES 1 through 30, are individuals, corporations and/or governmental entities doing business in the State of California.

10.      Defendants UNITED STATES OF AMERICA and DOES 1 through 10, inclusive, and each of them, are physicians and surgeons and physician's assistants licensed to practice and practicing medicine in the State of California.

11.      Defendants UNITED STATES OF AMERICA and DOES 11 through 21, inclusive, and each of them, are now and were at all times mentioned herein California business entities, as a corporation, association, partnership or other type of business entity, doing business as a hospital, clinic, medical facility, or other type of business.

12.     Ole Health, Inc. ("OLE Health"), is a California corporation which at all relevant times referenced herein receives federal funds through the United States Department of Health and Human Services ("DHHS") and is a Federally Qualified Health Center ("FQHC"). OLE Health provides medical services and was and is authorized to conduct business in the State of California with an entity address listed by the California Secretary of State as 1100 Trancas Street, Ste. 300, Napa, California 94558-2921.

13.     Karen Kin Yan Chung, M.D. ("Karen Chung, M.D.") was at all relevant times referenced herein a federal employee and a medical doctor licensed by the State of California as a Physician and Surgeon, License No. 142583, with a specialty in family law practice who was employed by OLE Health at a medical clinic located at 470 Chadbourne Rd., Ste. A, Fairfield, County of Solano, California 94534.

14.     Mara Adelman ("Mara Adelman") was at all relevant times referenced herein a federal employee and a Physician's Assistant, California License No. 17260, who was employed by OLE Health at one of its medical facilities and at the time of the matter complained of herein worked under the supervision of Karen Chung, M.D.

15.     Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 30 inclusive, were the agents, servants and employees of the Defendants and each other, and in doing the things hereinafter alleged were acting within the purpose and scope of such agency, and with the permission and consent of each other when they failed to follow the applicable standard of medical care regarding their treatment of Plaintiff. Defendants are legally responsible and in some manner negligently, in warranty, strictly, intentionally, or otherwise, responsible, and under *respondeat superior,* for the injuries and damages sustained by Plaintiff.

16.     The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 30, are unknown to Plaintiff who, therefore, sues such Defendants by fictitious names. Plaintiff will further amend this Complaint to set forth the true names and capacities of said Defendants when they have been ascertained.

### III.   PROCEDURAL BACKGROUND

17.    In 2019, Plaintiff timely served OLE Health, Karen Chung, M.D., and private provider Scott V. Perryman, M.D. each with a Notice of Intention to Commence Action Against Health Care Provider Pursuant to California Code of Civil Procure Section 364. (Exhibit B)

18.    On October 4, 2019, Plaintiff filed a Complaint for Medical Malpractice against OLE Health, Karen Chung, M.D., Mara Adelman, and private provider Scott Perryman, M.D. in the Solano County Superior Court of California, titled *Cook v. Karen Chung*, *M.D., OLE Health Inc.*, *et al.*, Case No. FCS 053679, who were all properly served.

19.    On November 4, 2020, Plaintiff filed a claim under the Federal Tort Claims Act with the Department of Health and Human Services ("DHHS"), Case Number 2020-00085 to exhaust her administrative remedies after becoming aware that OLE Health, Karen Chung, M.D. and Mara Adelman, P.A. could be federal agents and employees.

20.    On November 20, 2019, Plaintiff filed an Amended Complaint for Medical Malpractice with the superior court and served each of the named Defendants, including private provider Scott Perryman, M.D.

21.    In December 2019, the DHHS determined that OLE Health was a FQHC and that Karen Chung M.D. and Mara Adelman were federal employees, and removed the entire matter, including private provider Scott Perryman, M.D., to the United States Eastern District Court.

22.    On January 9, 2020, Plaintiff and the attorney for the United States Eastern District Court stipulated for an order which was signed that the case would be dismissed without prejudice and that the action against private provider Scott Perryman, M.D. would be remanded to the Solano County Superior Court.

23.    In a letter dated May 19, 2020, the DHHS notified Plaintiff that her administrative tort claim, Case Number 2020-00085, was denied thereby exhausting Plaintiff's administrative remedies and allowing this suit to be timely filed pursuant to title

28 U.S.C. § 2401(b).

24. By stipulation of Plaintiff and Defendant Scott Perryman, M.D., the Solano County Superior Court Case No. FCS 053679 was transferred to the Napa County Superior Court, Case No. 20CV000462 where it is currently pending.

**IV.**

**FIRST CAUSE OF ACTION**

**(Personal Injury - Medical Malpractice)**

25. Plaintiff alleges and incorporates by reference all of the allegations set forth above, inclusive, as fully set forth herein.

26. In or about February 2017 Plaintiff Taneya Cook sought medical advice regarding birth control from Defendants through Karen Chung, M.D.'s medical office. At that time, Plaintiff was twenty-four years of age and the mother of three children who were all under the age of five, and also the children of Plaintiff's fiancé.

28. On February 28, 2017, medical personnel at Karen Chung, M.D.'s office began administering Depo-provera injections to Plaintiff for the purpose of preventing pregnancy which required her to receive an injection approximately every twelve (12) weeks. Each of those appointments was scheduled by Karen Chung, M.D.'s office under her direction and supervision.

27. Thereafter on April 26, 2017, July 17, 2017, December 19, 2017, April 16, 2018, July 26, 2018, and October 23, 2018, Karen Chung, M.D.'s office regularly administered Depo-provera injections to Plaintiff. With the exception of July 17, 2017, and possibly October 23, 2018, on each of these specifically identified appointments that office administered and analyzed a pregnancy test for Plaintiff and written results were provided on her medical records indicating a regular pattern and practice of administering pregnancy tests to Plaintiff.

28. At some time in early 2018, Plaintiff consulted with Mara Adelman, a Physician's Assistant who worked under the supervision of Karen Chung, M.D., with concerns

about her weight and possible solutions for weight loss. At that time Mara Adelman recommended and referred Plaintiff to private medical provider, Scott Perryman, M.D., who specializes in bariatric surgery.

29.     After Dr. Perryman performed a consultation and an evaluation of Plaintiff, he informed her that he was willing to perform a sleeve gastrectomy for the purpose of helping her to lose weight which was scheduled for October 30, 2018.

30.     Medical records from Karen Chung, M.D.'s office on April 16, 2018, July 26, 2018, October 9, 2018, and October 23, 2018, all contain knowledge of and references to Plaintiff's upcoming bariatric surgery.

31.     On July 26, 2018, Plaintiff was administered a pregnancy test which she was informed and medical records reflect was negative, and given another injection of Depo-provera.  Karen Chung, M.D, and her medical staff, including Mara Adelman, knew or should have known that it was imperative that a pregnancy test be performed prior to Plaintiff's October 30, 2018, surgery, and an employee at that office scheduled Plaintiff's next appointment for October 23, 2018.

32.     At Plaintiff's October 23, 2018, appointment at Karen Chung, M.D.'s medical office, a medical assistant who is identified by the medical records as Karla Sahagun ("Karla") and worked under the supervision of Mara Adelman, and ultimately, Karen Chung, M.D., gave Plaintiff a container for the urine sample for a pregnancy test which was the usual custom and practice prior to administering a Depo-provera injection. Plaintiff understood the pregnancy test to also be required to determine if she was pregnant prior to the bariatric surgery scheduled for October 30, 2018. Plaintiff then went to the bathroom and deposited her urine sample where she was directed at the small window/door in Defendants' office. Several minutes later Karla came into the clinic room and, when Plaintiff asked if the pregnancy test was negative, Karla informed her that it was and that she was "good to go" for the upcoming bariatric surgery, and then administered a Depo-provera injection to Plaintiff.

33.     During that October 23, 2018, appointment, Mara Adelman discussed the

1  results of the medical examination with Plaintiff and commented that her bariatric surgery was

2  scheduled for the following week. During that consultation Plaintiff also asked Mara Adelman

3  if  the pregnancy test was negative and was assured that it was, and that all of the test results

4  would be sent to Dr. Perryman prior to the October 30, 2018, surgery date.

5      34.    Plaintiff, who is a Certified Medical Assistant, has a clear recollection that on

6  October 23, 2018, she submitted a urine sample to Karen Chung, M.D.'s medical personnel, as

7  was the usual procedure and practice, and was assured by two medical personnel that the test

8  had been performed and that she was not pregnant which was critical information prior to the

9  bariatric surgery. The medical records from Defendants' office, however, do not reflect that a

10  urinalysis for pregnancy was performed on that date. Plaintiff's medical records of October 23,

11  2018, are in direct contrast to the medical records of Plaintiff's regularly scheduled previous

12  appointments on February 28, 2017, April 26, 2017, December 19, 2017, April 16, 2018, and

13  July 26, 2018, which specifically document that pregnancy tests were administered to Plaintiff

14  and analyzed.

15      35.    The medical records from Karen Chung M.D.'s office on October 23, 2018,

16  specifically state: "This patient has been seen under the direct supervision of Karen Chung

17  MD, who is in agreement with the treatment plan." Dr. Chung's signature is affixed to that

18  document.

19      36.    On October 30, 2018, when Plaintiff was being prepared for the bariatric

20  surgery at Queen of the Valley Hospital in Napa, the nurse who was assisting Dr. Perryman

21  informed Plaintiff that there were no recent records of her pregnancy status and repeatedly

22  asked Plaintiff if she was pregnant indicating a duty to know Plaintiff's pregnancy status prior

23  to the surgery. Plaintiff repeatedly responded that she had been informed and assured several

24  times by Karen Chung, M.D.'s medical staff just one week before on October 23, 2018, that a

25  pregnancy test had been performed on that day and was negative, and she was then given a

26  Depo-provera injection for the purpose of preventing pregnancy which are regularly scheduled

27  by Defendants' office.

28

37.     Plaintiff informed the nurse assisting private provider Dr. Perryman that she would provide another urine sample but would have to wait for a couple of minutes as she had just voided, and also stated that she would be willing to give her surgery slot to the next patient while awaiting the results.

38.     While Plaintiff was lying on the hospital gurney under a blanket wearing nothing but a hospital gown and was already hooked up and receiving intravenous fluids, the attending nurse appeared with a Pregnancy Test Waiver stating that she believed Plaintiff's statements that she believed she was not pregnant and then pressed her to sign the Pregnancy Test Waiver. This waiver states, in relevant part: "I do not think I am pregnant" which Plaintiff signed based on the assurances from Karen Chung, M.D., Mara Adelman, and the medical assistant, that the pregnancy test that she had taken on October 23, 2018, was negative and that she was not pregnant.

39.     Private provider Dr. Perryman relied on oral information from the attending nurse that Plaintiff had informed her that Karen Chung, M.D.'s medical staff had informed Plaintiff that she was not pregnant and also on the Pregnancy Test Waiver which stated that she believed she was not pregnant. Dr. Perryman decided to not wait for a pregnancy test to be performed or for more information, documentation and reliable confirmation regarding Plaintiff's pregnancy status and proceeded without requiring any reliable information of Plaintiff's pregnancy status or taking any affirmative actions to determine that status.

40.     If, in fact, there were no records of a pregnancy test from Plaintiff's October 23, 2018, appointment at Karen Chung, M.D.'s office, which that office is are now contending, that would be further evidence of Defendants' violation of a duty to Plaintiff to determine her pregnancy status before the very invasive bariatric surgery, and a positive test for pregnancy would have been an absolute bar to performing the surgery at that time.

41.     After the bariatric surgery was performed Plaintiff was put on a strict diet of clear liquids consisting only of water and broth which she was required to adhere to for four (4) weeks following the surgery. Plaintiff had also been on the same  restrictive diet of only

water and broth for the two (2) weeks preceding the surgery.

42.     On or about November 17, 2018, Plaintiff suddenly became violently ill. She felt dizzy and disoriented and almost collapsed in the shower, she then began uncontrollably vomiting liquid, and had the dry heaves. Very shortly thereafter Plaintiff's mother called 911 and Plaintiff was taken to the Emergency Room in North Bay Medical Center in Fairfield, California where she was seen by Dr. Steven Garcia.

43.     Dr. Garcia ordered an extensive number of tests and initially diagnosed Plaintiff as suffering from dehydration. After reviewing the test results Dr. Garcia became suspicious when one of the results showed a positive test for the HCG hormone, which is an indicator of pregnancy. Dr. Garcia then began asking Plaintiff if she could be pregnant to which she responded that she believed that she was not pregnant because she was informed by Karen Chung, M.D.'s medical personnel, including Mara Adelman, P.A., and the medical assistant, that the result of the pregnancy test at that medical office on October 23, 2018, was negative. At that point, Dr. Garcia ordered an ultrasound to be performed which showed that Plaintiff was approximately eight (8) weeks pregnant. Dr. Garcia expressed amazement that there were several specific, identifiable points prior to the surgery at which Plaintiff's pregnancy could and should have been accurately diagnosed.

44.     When Plaintiff received the diagnosis that she was pregnant she was shocked and became extremely distraught about her situation and terrible dilemma. Plaintiff has three children and was also opposed to abortion on religious and moral grounds and, under normal circumstances, would not have considered an abortion for herself.

45.     At that time, however, Plaintiff had undergone general anesthesia with considerable trauma to her entire abdominal area for a surgery that lasted more than an hour, numerous drugs had been administered to her during her two-day stay at the hospital, and she had been placed on a special restrictive diet for two (2) weeks prior to the surgery, and for the two and one-half (2 ½) weeks following the surgery she was restricted to the same diet of liquids consisting only of water and broth. Plaintiff understandably believed that a fetus would

most probably have suffered severe damage through the general anesthesia, the numerous drugs that were administered, the trauma to her body from the sleeve gastrectomy, and deprivation of almost complete nutrition for the extended, critical periods prior to and following the surgery when she was finally diagnosed as pregnant. As a result, Plaintiff believed that her only viable solution was to undergo an abortion.

46.     On or about November 26, 2018, Plaintiff decided that under all of the circumstances she had to abort the fetus and was prescribed medicine for termination of the pregnancy and to help prevent the resulting nausea. For the next week Plaintiff suffered extreme physical pain, discomfort, and nausea from the effects of the medicine which were causing her body to expel large amounts of blood and blood clots, and to ultimately abort the fetus.

47.     Plaintiff has also suffered great emotional distress not only during the one-week termination process but continually for months afterwards with nausea, moodiness, anger, and depression.

48.     Defendants each had a duty to Plaintiff to comply with the standard of applicable medical care which was to timely administer a pregnancy test to Plaintiff prior to the bariatric surgery, to document whether a pregnancy test had been performed and the results, and to timely ensure that the results had been provided to Dr. Perryman prior to the surgery.

49.     Defendants failed to comply with the standard of medical care by their failures to administer the critical pregnancy test through a urinalysis or blood test a week prior to the surgery and to properly analyze the results of a pregnancy test which Defendants are now contending was not performed; to document whether a pregnancy test had or had not been performed prior to administering the Depo-provera injection; and to provide Dr. Perryman with Plaintiff's medical records regarding her pregnancy status that he needed to make a critical decision whether to proceed with the surgery; and for making affirmative representations to Plaintiff that the pregnancy test was negative which was false, and which

caused Dr. Perryman to incorrectly and improperly rely on to Plaintiff's statement that she believed she was not pregnant, all to her detriment.

50.     As a result of Defendants' negligence, Plaintiff has suffered physical and emotional injuries.

51.     As a result of Defendants' negligence, Plaintiff has suffered damages in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Negligent Supervision)

52.     Plaintiff alleges and incorporates by reference all of the allegations set forth above, inclusive, as fully set forth herein.

53.     Defendants, and each of them, were negligent in the training and supervision of medical personnel at Karen Chung, M.D.'s medical office including, but not limited to, personnel who were responsible for administering and documenting the results of Plaintiff's pregnancy tests and properly and timely scheduling Plaintiff's medical appointments.

54.     Defendants, and each of them,  had a duty to provide supervision in the treatment of Plaintiff, who was a patient, which included ensuring that a pregnancy test was properly administered to Plaintiff and analyzed prior to her bariatric surgery, that medical records reflecting the results or lack of results of Plaintiff's pregnancy test were timely and properly delivered to Dr. Perryman, and that Plaintiff was correctly informed of her pregnancy status based on reliable, documented medical evidence.

55.     Defendants, and each of them, breached their duty of care owed to Plaintiff by failing to supervise employees to ensure that a pregnancy test was administered to Plaintiff and analyzed prior to the bariatric surgery, that Plaintiff's medical records reflecting her pregnancy test status were timely and properly delivered to Dr. Perryman, and that Plaintiff was correctly informed of her pregnancy status based on reliable, documented medical evidence.

/ / /

56.     Defendants, and each of them, knew or should have known that failing to perform a pregnancy test on Plaintiff or to properly document that a pregnancy test had or had not been performed on Plaintiff prior to the bariatric surgery, and failing to send critical medical records with this information to Dr. Perryman were breaches of the standard of care because the bariatric surgery involved trauma to Plaintiff's abdominal area under general anesthesia, the administration of numerous drugs, and Plaintiff's deprivation of nutrition for critical periods prior to and after the surgery which presented the possibility of harm to Plaintiff and irreparable harm to a fetus of less than eight weeks.

57.     It was foreseeable that the aforementioned failures by Defendants could expose Plaintiff and an unborn fetus to the risk of injuries if Plaintiff's pregnancy status was not determined prior to the surgery, and she was pregnant at the time of the surgery, which occurred.

58.     Defendants are liable under *respondeat superior* for the breaches of the standard of care of its employees for failing to train and to supervise medical personnel, as described above.

59.     As a direct and proximate result of Defendants', and each of their negligence in which they breached their duties owed to Plaintiff by their actions and inactions which fell below the applicable standard of medical care, Plaintiff underwent surgery when she was pregnant which resulted in the need for an abortion due to the circumstances described above, and caused Plaintiff physical pain and emotional suffering.

60.     As a result of Defendants' negligence, Plaintiff has suffered physical and emotional injuries.

61. As a result of Defendants' negligence, Plaintiff has suffered damages in an amount according to proof.

62.     WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as set forth below.

/ / /

**FIRST CAUSE OF ACTION**

1. For general damages in an amount according to proof;

2. For general damages in a sum in excess of the jurisdictional limits of this Court;

3. For all costs of suit incurred herein;

4. For loss of earnings according to proof;

5. For all prejudgment interest on general and special damages from the date of the incident to the date of the present complaint; and

6. For such other and further relief as the Court may deem proper and appropriate.

**SECOND CAUSE OF ACTION**

1. For general damages in an amount according to proof;

2. For special damages according to proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem proper and appropriate.

Dated: June 23, 2020                    Respectfully submitted,

By: _____
    Caroline E. Gegg, Esq.
    Attorney for Plaintiff TANEYA COOK

# EXHIBIT A



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201

MAY 19 2020

<u>U. S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED</u>
Article No. 7019 1120 0002 0807 7979

Caroline E. Gegg, Esq.
Attorney at Law
Post Office Box 4413
Walnut Creek, California 94596

**Re:    Administrative Tort Claim of Taneya Cook, Claim No. 2020-0085**

Dear Ms. Gegg:

On November 4, 2019, on behalf of your client, Taneya Cook, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(a), 2401(b), 2671-80, alleging, *inter alia*, that, on October 23, 2018 and October 30, 2018, Dr. Chung, Dr. Perryman, and other medical personnel, employed by OLE Health, Inc., located in Napa, California, were negligent in failing to properly perform, administer, and report the results of a positive pregnancy test prior to Ms. Cook undergoing bariatric surgery, resulting in Ms. Cook opting to terminate her pregnancy on November 26, 2018.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury or death caused by the negligent, or wrongful, act or omission of any employees of the Federal Government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of your client's administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claim of Taneya Cook is denied. The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

If your client is dissatisfied with this determination, she is entitled to:

1.    file a written request with the Agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

Caroline E. Gegg, Esq.
Subj:   Claim No. 2020-0085
Pg. 2

2.      file suit against the United States in the appropriate federal district court within
        six (6) months from the date of mailing of this determination (28 U.S.C. §
        2401(b)).

In the event your client requests reconsideration, the Agency will review the claim within
six (6) months from the date the request is received. If the reconsidered claim is denied, your
client may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

*KAH*

*Jennifer B. Smith*

Jennifer B. Smith
Acting Deputy Associate General Counsel
Claims and Employment Law Branch

**EXHIBIT B**

| *Attorney or Party without Attorney:*<br>CAROLINE E. GEGG ESQ.<br>LAW OFFICES OF CAROLINE E. GEGG<br>P.O. BOX 4413<br>WALNUT CREEK, CA 94596<br>*Telephone No:* 925-686-0232    *FAX No:* 925-686-0233 | | | | *For Court Use Only* |
|---|---|---|---|---|
| *Attorney for:* Plaintiffs | | *Ref. No. or File No.:* | | |
| *Insert name of Court, and Judicial District and Branch Court:* | | | | |
| *Plaintiffs:* TANEYA COOK<br>*Defendant:* SCOTT V. PERRYMAN, M.D. | | | | |
| **PROOF OF SERVICE**<br>**PROOF OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>NOTICE OF INTENT |

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the AMENDED NOTICE OF INTENTION TO COMMENCE ACTION AGAINST HEALTH CARE PROVIDER PER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 364

3.  a. *Party served:*               OLE HEALTH, INC.
    b. *Person served:*          KEVIN MOSES, COMPLIANCE OFFICER5

4.  *Address where the party was served:*      AGENT FOR SERVICE: ALICIA HARDY, CEO
    1100 TRANCAS STREET
    SUITE 300
    NAPA, CA 94558

5.  I served the party:
    b. **by substituted service.** On: Mon., Jun. 24, 2019 at: 2:15PM By Leaving Copies in the Presence of the Subject
        KEVIN MOSES, COMPLIANCE OFFICER5
    (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
        person served. I informed him or her of the general nature of the papers.
    (4) A declaration of mailing is attached.

7.  *Person Who Served Papers:*
    a. GINA SILVA
    b. **One Hour Delivery Service**
        2920 Camino Diablo Ste. 100
        WALNUT CREEK, CA 94597
    c. 925-947-3470, FAX 925-947-3480

Recoverable Cost Per CCP 1033.5(a)(4)(B)
    d.  *The Fee for Service was:*    $90.00
    e.  I am: (3) registered California process server
        (i)   Independent Contractor
        (ii)  *Registration No.:*      395
        (iii) *County:*                  SOLANO

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date:  Wed, Jun. 26, 2019

Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
PROOF OF SERVICE

(GINA SILVA)
639787   .gegg.79203

| *Attorney or Party without Attorney:*<br>CAROLINE E. GEGG ESQ.<br>LAW OFFICES OF CAROLINE E. GEGG<br>P.O. BOX 4413<br>WALNUT CREEK, CA 94596<br>*Telephone No:* 925-686-0232     *FAX No:* 925-686-0233 | *For Court Use Only* |
|---|---|

*Attorney for:* Plaintiffs          *Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*

*Plaintiffs:* TANEYA COOK
*Defendant:* KAREN KIN YAN CHUNG, M.D.

| **PROOF OF SERVICE**<br>**PROOF OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>NOTICE OF INTENT |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the NOTICE OF INTENTION TO COMMENCE ACTION AGAINST HEALTH CARE PROVIDER PER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 364

*3. a. Party served:*          KAREN KIN YAN CHUNG, M.D.
   *b. Person served:*       AMBER WOODS, FRONT DESK EMPLOYEE

*4. Address where the party was served:*          OLE HEATH FF MED
   470 CHADBOURNE ROAD
   SUITE A
   FAIRFIELD, CA 94534

*5. I served the party:*
   b. **by substituted service.** On: Mon., Apr. 01, 2019 at: 11:47AM By Leaving Copies in the Presence of the Subject
      AMBER WOODS, FRONT DESK EMPLOYEE
   (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
      person served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.

*7. Person Who Served Papers:*          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. EDWIN M. BLAMA          d. *The Fee for Service was:*     $95.00
   b. **One Hour Delivery Service**     e. I am: (3) registered California process server
      2920 Camino Diablo Ste. 100          *(i)*   Independent Contractor
      WALNUT CREEK, CA 94597          *(ii)*  Registration No.:     901
   c. 925-947-3470, FAX 925-947-3480          *(iii)* County:          CONTRA COSTA
                *(iv)* Expiration Date:     Sat, Mar. 27, 2021

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Mon, Apr. 01, 2019

Judicial Council Form          PROOF OF SERVICE          (EDWIN M. BLAMA)
Rule 2.150.(a)&(b) Rev January 1, 2007          PROOF OF SERVICE          631462  .gegg.76801