Caroline E. Gegg, SBN 179061
Attorney at Law
P.O. Box 4413
Walnut Creek, California 94596
Email:      cegegg@att.net
Telephone: (925) 686-0232
Facsimile:  (925) 686-0233

Attorney for Plaintiff
TANEYA COOK


McGREGOR W. SCOTT
United States Attorney
JOSEPH B. FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail:      joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile:  (916) 554-2900

Attorneys for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TANEYA COOK,

                        Plaintiff,

          v.

UNITED STATES OF AMERICA,

                        Defendant.

No. 2:20-cv-01256-KJM-DB

**STIPULATION AND PROTECTIVE ORDER RE: PLAINTIFF'S MEDICAL RECORDS**

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED, by and between Plaintiff Taneya Cook and Defendant United States of America, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and subject to Court approval, that the disclosure of Plaintiff's medical records and the information therein during the course of discovery in the above-captioned action shall be subject to the following protections in order to respect Plaintiff's privacy and minimize any potential for embarrassment or harassment.

1. Plaintiff's medical records and the information therein shall not be used or disclosed for any purpose other than the prosecution, defense, appeal, or settlement of this action.  Any use of such records or information for any other purpose, or any disclosure of such records or information to anyone not authorized under this Stipulation and Order, is expressly prohibited and would constitute a material breach of this Stipulation and Order.

2. Plaintiff's medical records and the information therein shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    a.    attorneys and legal-support personnel for Defendant and its employees;

    b.    OLE Health, Inc., Karen Chung, M.D., Physician Assistant Mara Adelman, and Medical Assistant Karla Sahagun;

    c.    experts and consultants for Plaintiff or Defendant and their employees;

    d.    mediators retained for mediation in this action;

    e.    the Court and Court personnel, including filings on the Court's public docket for the prosecution or defense of this action, as provided in the Court's Standing Order (ECF 3-1) § 10;

    f.    court reporters;

    g.    outside legal support services, to whom attorneys of record reasonably believe it is necessary to show or will look at documents for the purpose of this litigation; and

    h.    witnesses during the course of a deposition who agree on the record to not disclose the records or information therein.

3. Notwithstanding 2.e, above, Defendant shall not file Plaintiff's medical records from Planned Parenthood, or the information contained therein, on the Court's public docket without

providing Plaintiff sufficient notice in advance of the filing to allow for the seeking of an order of sealing or redaction from the Court, as provided in the Court's Standing Order (ECF 3-1) § 10.

4.      The parties shall comply with the provisions of Federal Rule of Civil Procedure 5.2 and Local Rules 140 and 141 with respect to redactions of documents and any requests to file documents under seal.

5.      The protections conferred by this Stipulation and Protective Order do not apply to information that is currently in publicly filed pleadings in either this Court or the case *Taneya Cook v. Karen Kin Yin Chung et al.*, Napa County Superior Court, Case No. 20CV000462 as of the date of this Stipulation but shall apply to future publicly filed information.

6.      After the final termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until Plaintiff agrees otherwise in writing or a Court order directs otherwise.

Dated: December 3, 2020                    */s/  Caroline E. Gegg*_____ (authorized 12/3/2020)
                                           CAROLINE E. GEGG, ESQ.

                                           Attorney for Plaintiff
                                           TANEYA COOK


Dated: December 3, 2020                    McGREGOR W. SCOTT
                                           United States Attorney

                                    By:    */s/  Joseph B. Frueh*_____
                                           JOSEPH B. FRUEH
                                           Assistant United States Attorney

                                           Attorneys for Defendant
                                           UNITED STATES OF AMERICA

### ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.   Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.   The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3.   A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause."  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.   Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.   With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6.   The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: December 4, 2020                    /s/ DEBORAH BARNES
                                           UNITED STATES MAGISTRATE JUDGE